**BEFORE THE
UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| *In re: Allura Fiber Cement Siding Litigation* | MDL No. _____ |

**PLAINTIFF SHARA GUINN'S MOTION TO TRANSFER
ACTIONS TO THE SOUTHERN DISTRICT OF OHIO**

Plaintiff Shara Guinn respectfully moves this Panel, pursuant to 28 U.S.C. § 1407, for an order transferring the actions identified in the attached Schedule of Actions to the United States District Court for the Southern District of Ohio for coordinated or consolidated proceedings. In support of her motion, Plaintiff states:

1. This litigation arises out of the design, manufacture, and sale of defective fiber cement siding sold by Plycem USA, LLC d/b/a Allura, Plycem USA, Inc., Elementia USA, Inc., and Elementia S.A.B. De C.V. (collectively, "Allura").[1] Seven putative class actions have been filed in seven districts concerning the same product and challenging the same misconduct. Each action names the same defendants, asserts substantially similar causes of action, and similar defects in the same product. Actions are pending in the United States District Courts for the District of South Carolina, Western District of North Carolina, Southern District of Ohio, District of Kansas, District of Minnesota, Southern District of Iowa, and District of Massachusetts.

2. Plaintiffs in each action are homeowners who have purchased a defective cement board siding product from the Defendants. The cement boards have failed, causing water

---

[1] Allura USA, LLC is a named Defendant in all of the affected actions. However, based upon representations by Defendants' counsel and additional research, it apparently no longer exists. Therefore, this Defendant has not been included in the Motion to Transfer.

intrusion into plaintiffs' homes. The plaintiff in each action is a resident of the district where the action was filed.

3. Defendant Plycem USA LLC d/b/a Allura is a corporation organized under the laws of Delaware, with its principal place of business in Texas. Defendant Plycem USA Inc. was a corporation organized under the laws of Georgia, with its principal place of business in Texas.[2] Defendant Elementia USA, Inc. is a corporation organized under the laws of Delaware, with its principal place of business in Texas. Defendant Elementia, S.A.B. de C.V. is a corporation organized under the laws of Mexico. Together, the Defendants manufacture, market, advertise, and sell fiber cement siding throughout the United States. Movant contends that specific jurisdiction likely exists in each of the pending actions.

4. At the time the fiber cement siding left the manufacturing plant(s), it contained a defect that caused it to crack, peel, warp, and break off, creating leakage problems for homeowners. The siding begins to prematurely fail almost immediately after installation, well before consumers would have expected to repair or replace their siding.

5. All of the complaints allege similar facts. Each complaint alleges that Allura's fiber cement siding was defective; the siding prematurely failed; the failures manifest as cracking, peeling, warping, and breaking, and that this created potential paths for leakage to occur. Moreover, each action alleges that Allura misrepresented the product as a durable and suitable exterior building product that should last at least 50 years; that Allura concealed the defective condition at the time of sale and during communications with them after problems were reported; and that plaintiffs and class members require repair or replacement of their Siding decades sooner than represented.

---

[2] Defendants have represented in filed documents that "Plycem USA, Inc. merged into Plycem USA LLC and no longer maintains any independent corporate existence."

6. Although the complaints assert claims under the laws of seven different states, the theories of recovery are similar, *e.g.*, fraud, misrepresentation, and breach of warranty. Some of the cases seek recovery under the unfair trade practices or consumer protection laws of the states where plaintiffs reside.

7. All of the cases were filed within the last six months, and all are in early stages. The most mature case was filed in state court on August 21, 2018, and was removed to the district court in South Carolina on November 20, 2018.[3] Responsive pleadings have been filed only in the North Carolina action. Apparently, no discovery has commenced in any of the actions.

8. The transfer and coordination or consolidation of these cases will serve the convenience of the parties, witnesses, counsel, and the judicial system while promoting the just and efficient conduct of the actions.

9. Absent pretrial coordination or consolidation, the possibility of inconsistent pretrial rulings exists on issues such as the proper scope and extent of discovery, class certification, and other factual and legal matters.

10. The United States District Court for the Southern District of Ohio is an appropriate forum as it is a jurisdiction easily accessible to the other districts and is a district with the capacity and experience to handle multidistrict litigation. The courthouse is located in Cincinnati, a metropolitan city with an international airport, public transportation, and ample hotels. Several multidistrict actions have been litigated in the Southern District of Ohio, with only three currently pending.

---

[3] *Lowe* et al. *v. Plycem USA LLC d/b/a Allura*, 2:18-cv-03160-DCN (D.S.C.).

WHEREFORE, Plaintiff respectfully requests that this Panel issue an order transferring all actions listed in the attached Schedule of Actions to the United States District Court for the Southern District of Ohio for coordinated or consolidated pretrial proceedings.

    Respectfully submitted,

    /s/ William F. Cash III
William F. Cash III (Ohio Bar No. 84482)
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, RAFFERTY & PROCTOR, P.A.
316 South Baylen Street, Suite 600
Pensacola, Florida 32502
Phone: 850-435-7059
bcash@levinlaw.com
*Attorney for Plaintiff Guinn*